The next case before the court is docket number 201261. It's Caterpillar Paving Products v. Wirtgen America, Inc. Mr. Goldberg, you are served three minutes for rebuttal. Is that correct? Yes, Your Honor. Okay, if you're prepared to begin, you may do so. Good morning, Your Honors. May it please the court. Independent claims 21 and 31 each specify two requirements for the claimed recall command. The recall command is entered by an operator and the recall command includes the respective first or second unique identifier. The board erred in finding the claims obvious because it mapped the claim recall command only to Panacheck and that reference contains no such recall command. Following Wirtgen's lead, the board mapped the claimed recall command to Panacheck's operator input 52 signals and commands. Mr. Goldberg, as I read Wirtgen's brief in this court, it makes no argument that if the recall command is what comes out of the operator interface and not what comes out of the controller, it makes no argument that Panacheck teaches that on appeal. Is that right? Is that your understanding too? That is my understanding of Wirtgen's arguments that they have essentially conceded that if the command needs to come from the operator, that it's not in the reference. Okay, thanks. So, moving on, the board mapped the unique identifiers in the claim to the Work Set 1 and Work Set 2 in Panacheck. Now, the problem with these mappings is that the operator input 52 signals or commands don't include Work Set 1 or Work Set 2. So, they can't be the claimed recall command. And again, as you're going to recognize, Wirtgen doesn't seem to dispute this. Again, the operator input 52 signals or commands can't be the claimed recall command because they don't include what Wirtgen and the board mapped to the claimed identifiers Work Set 1 and Work Set 2. The board thus erred when it relied on Panacheck for the claimed recall command and found the claims obvious. For this reason, the court should reverse... Counselor, I understand that the board found that there was written description support. I'm just having trouble finding where there's any embodiments disclosed that doesn't leave it to the controller. Yes, Your Honor. Let me draw your attention to Column 8 of the patent. What page? Page 145. Okay, go ahead. If we look starting at around line 23, first it's addressing the save. So, it says, with the saving of the parameters, the operator may recall and apply the saved set of parameters by entering the recall command. For example, by an input device provided at one of the user interfaces. And then, in the very next sentence, the extent more than one set of parameters has been saved, the operator may recall the desired set of parameters using the assigned identifier. Okay, can you tell me exactly where you are, column and line? What page? Appendix page 145. Yes. Column 8, beginning at line 23. I'll give Your Honor a moment to get there. We can see the first sentence in this paragraph talking about how the operator may recall and apply the saved set of parameters by entering the recall command. For example, by an input device provided at one of the user interfaces 68. And then, in the very next sentence, further explaining that, to the extent more than one set of parameters has been saved, the operator may recall the desired set of parameters using the assigned identifier. So, right there is an example of written description support in the patent itself. And this same discussion also exists in the application and in the two provisional applications that led to the patent. In addition, I think, as Your Honor noted, the board already found that there is written description support for this. And, in fact, that was after Rickens Counsel at the hearing, for the first time, had brought this up. So, the board was well aware that this was something that Rickens was concerned about. And, again, in the final written decision, the board found that there was written description support. Now, on appeal, here, it seems that Rickens' main argument is that somehow it is sufficient for the controller in Panishak to be what uses the identifiers. And one of their big arguments for that is that they claim the board found that the recall command is something that is on the controller side and using the controller instructions. For that, what they point to is the board's claim construction discussion that was actually addressing the original claims, not the amended claims. The dispute about those original claims was whether the recall command itself required the use of an identifier. And what the board found is that there was discussion in the patent of the identifiers in the context of the controller. But they also noted that there was, similar to what we just looked at in column eight, discussion in the patent of the operators using the identifiers. And the board found in that claim construction for the original claims that the identifiers weren't required to be in the recall command because these discussions about the operators using the identifiers in the patent were permissive. They were not enough to constitute disavowal. But we're now in a very different situation because Caterpillar amended the claims. And in the amended claims, they expressly require that the recall command include the identifiers. And they also expressly require that the recall command be entered by the operator. So, what we need to have is a situation where the recall command, again, is entered by the operator and also includes the first or second unique identifier. The problem Vertkin has is that everything that it's pointed to does not meet those requirements. If we talk about the operator input, 52 signals and commands, those don't include the alleged unique identifiers, set one and set two. Can I just say again, whatever Vertkin said below, I think it remains true, and they can correct me if I'm wrong, that in this court, Vertkin makes zero argument that if the recall command is what comes out of the operator interface, not what comes out of the a simple forfeiture at this point of any argument at all, if the requirement of these claims is that the recall command comes out of the operator interface. I believe that's the case, Your Honor. And I think they may actually have had an argument in the board about this, but they don't make it here. I agree, Your Honor. And the argument that they do make here where they point solely to the controller instructions, just to reiterate the point one more time, the controller instructions are not something that's entered by the operator. And Vertkin doesn't allege that. Just to avoid an ambiguity, by controller instructions, everybody here means instructions coming out of the controller, not instructions going to the controller? Yes. Okay. The ambiguity is not inconsiderable. Yes, Your Honor. So again, because Vertkin has identified nothing that both is entered by the operator and includes the alleged identifiers, works at one and works at two, or even the other alleged identifiers that it's now noted, the memory addresses and pointers, those also aren't anything that is in any recall command coming from the operator. For those reasons, there's no evidence... Counselor, would you agree that if the board had considered SEVER that you would have a totally more difficult argument to make? Your Honor, I think if the board considered SEVER, it might be a different argument. I don't know that I would characterize it as more difficult. As you note, the board did not consider SEVER. There's, I think, two reasons for that. First, in the initial raising of SEVER by Vertkin, they premised the whole point of SEVER being on, we're going to look at this if the board finds that there's no written description support for unique identifier. The board didn't find that way, so there was never a contingency in place for the board to look at SEVER in that regard. Vertkin then completely changed its arguments about SEVER in its surreply, and there again, that's simply too late for Vertkin to be making new arguments, so it was entirely appropriate for the board to have not reached those arguments. And indeed, on remand, there would be no reason for the board to necessarily reach those arguments. It would be completely within their discretion to decide that Vertkin raised those arguments too late, and therefore, there was no need to address them. Yeah, and that's a good point. So, why do you want us to tell them what they can and can't review on remand? Oh, we don't, actually. Our only reason for discussing this in our gray brief was that Vertkin put in a litany of different things that it thought the board would have to address on remand. And our only point in our gray brief was simply that you, the court, do not have to tell the board to do all of those things, because it is within the board's discretion to choose for various different reasons, including that Vertkin's arguments were too late, that it doesn't need to address those issues. Instead, we think, given what has transpired here, that the appropriate remedy is for the court to reverse the board's obvious misfindings and remand for the board to do whatever further proceedings it sees fit to do in view of the court's decision. Including obviousness on preserved grounds other than simply based on Panacheck? To the extent that those were not raised too late or may have contingent in some way, then the board would have the ability. It wouldn't just be remand for consideration of 101. There are other obviousness arguments that at least Vertkin says it has preserved, maybe, in fact, is something for the board to decide that we wouldn't be disposing of. Yes, Your Honor. Our position would be that the board would have the ability to address those arguments if it chose to do so, but that it would not be necessarily required to do so because there may be reasons within its discretion that it doesn't need to, for example, Vertkin having waited too long to raise the arguments. And if there's no other questions, I'll reserve the remainder of my time. Okay. Thank you, counsel. Let's hear from Wershkin. Good morning, Your Honors, and may it please the court. Caterpillar can't have it both ways. Either Panacheck's disclosure is sufficient under obviousness or the 871 patent has no written description support for including an identifier in the recall command. In the motion to amend, Caterpillar argued that the 871 patent's discussion of using an identifier provided the written description support for a recall command that includes an identifier. This is at Appendix 446. And despite saying that using an identifier was sufficient under 112, Caterpillar argued that the same disclosure in Panacheck was insufficient under obviousness. Can I just ask you, this is just Toronto. I mean, it seems to me there are kind of two claim construction kinds of issues here. One of them is who has to send the recall command, the operator interface or the controller. A second separate issue is whether using identifier is the same as including identifier. If it were correct that under the claim language and indeed the specification that the recall command is only what comes out of the operator interface, not what comes out of the controller, what is the relevance of whatever you're-of the asserted can't have it both ways kind of problem about what was said on written description, which seems to depend on this use includes distinction. Right, Your Honor. If it is only the signal sent between the user interface and the controller, Virkin had an argument below that Panacheck discloses the recall command that includes identifiers under this narrow construction. And that's, for example- Right, because the board didn't reach that decision. So that would be another decision that was- I don't think so. Why would that not be absolutely part of your argument for the defense of what the board did, which was to rely on what comes out of the controller? How is it that you were not obliged to say that even if, as the blue brief argues, the only thing that matters is what comes out of the operator interface, we have that? So, the board made its finding out of Appendix 56, where it explicitly relied on the works at one and works at two identifiers. And the only argument that we raised below regarding those identifiers, which is what the board relied on, is where the recall command is at the controller level. And so that's why this appeal was limited to what is at the controller level versus what is in the signal. Because we also had the CBER argument, which was referenced earlier today, in combination with Panacheck's touchscreen interface, that that would have also been obvious to do. And the fact that it was well known to include unique identifiers in recall commands sent from a touchscreen interface to a controller, that was also established below, where Caterpillar's expert testified that he had, as a graduate student, implemented a system where you could save and recall over 400 positions. But I do also want to respond to Caterpillar's argument about the word enter in the claims, because as Judge Tronto, you mentioned, that is also an issue in the claims that Caterpillar is raising again. And Caterpillar is trying to make it so that the operator must enter the recall command into the operator input device. But the claims don't say this. The claims recite an operator input device configured to allow an operator of the paving machine to enter a recall command. It doesn't say where the recall command is or where it must be entered. And so the claim language here actually supports the board's conclusion about Panacheck, that a signal from the second operator input enters the controller's recall command. It's entirely consistent, and this interpretation is supported by substantial evidence. What do you do with both the claim language and, I think, the consistent usage throughout the specification that what the controller does is, in response to a recall command, it sends various signals to actuators and whatnot? But I don't remember seeing anything anywhere in the spec that ever says that what comes out of the controller is a recall command. It seems uniformly to say that the controller acts in response to a recall command. So, in Panacheck, what the recall command is, is actually at the controller. It's not the signal sent out of the controller. The signal that's sent out of the controller is retrieving the workset parameters in response to the controller instructions that are executed at the controller. Well, I guess maybe I've been thinking about this wrong. I thought there are only two possible commands, from the operator interface to their controller and from the controller to somewhere else. Are you suggesting that there is, inside the controller, a command that is neither received by the controller or goes out of the controller? Is it talking to itself or what? It's executing the instructions, yes. The instructions at the controller is causing the workset parameters to be mapped to the identifiers workset 1 and workset 2. And this can be seen at figure 3 of Panacheck at appendix 1647. In steps 76 and 80, those steps are the controller instructions that are then mapping the identifiers to the corresponding set of parameters. What appendix page are you on? 1647. Thank you. And you said which box? So, box 76 and box 80 are the different operations that the controller executes. And then after that is when the machine will configure the different settings on the machine to the corresponding parameters. So, I think, as I'm understanding you, you think that there are actually three stages at which a command could issue. One is from the operator interface to the controller. The third is from the controller to whatever the controller wants to control, like the actuators. But there's this second one in the middle where the controller talks to another component of the controller, like memory or something, in the controller. And you're saying that the recall command is something there in the middle where one piece of the controller is talking to another piece of the controller before it talks to an outsider. That's correct, Your Honor. And both experts agreed that Panacheck would use memory addresses and pointers. And this is along the lines of what they're talking about here, that the controller would look to, for example, a configuration file to know what settings it then would need to configure the actuators of the machine to match. And it's those controller instructions that form the recall command. And, Your Honor, this is entirely consistent with the 871 patent. Because if you look closely at the language that Caterpillar cited earlier today, and as we showed at page 32 of the red brief, the controller is what assigns the identifiers to the corresponding set of parameters. And the controller would be using those identifiers to recall the parameters. And thereafter, it would set the actuators of the machine to match those parameters. Where in the spec of the patent that issued the 871 would I find some support for this notion that a recall command, a phrase the spec uses five or six times or something, is something that the controller is sending to another portion of the controller? So, column seven, lines 39 through 42, for example, says that the controller is the element that is assigning the identifiers. Right. That's the assignment. That's not the recalling. Right. But it's, I think, important to keep that context in mind, that it is the controller that is assigning the identifiers. It's not, you know, this isn't a system like on where the user interface allows the user to type in the identifiers. There's no support in the specification for that. It's not like, you know, an operator can open up a, you know, MS-DOS and type in the command line to the controller. The controller is assigning the identifiers. And then in column eight, column eight, lines 26 through 28. Let's just go back to what I at least think my question was. What in the spec says that this is inside the controller, like on memory? So, at line, column seven, lines 42 through 47, the identifiers are being used in, like, in reference to storing the sets of configuration parameters with access to memory or secondary storage devices that would have the corresponding set of parameters that the controller would then reference to recall. None of that language uses the term recall command. That is, immediately starting at line 48, it says the controller gets a recall command and in response does a bunch of things like goes and gets some information and uses that information to then tell the actuators what to do. Right, Your Honor. I think some of the confusion here with the specification is the addition of this including language in the claim language. And the only part that arguably supports that for under 112 support, under 112, is using identifiers, simply using identifiers for the recall. And Caterpillar's expert at appendix 4299, that's what they relied on is for this recall command, is just using identifiers. And I think the point here is whether a reasonable mind could reach the same conclusion as the board that, you know, if you're looking at this broad disclosure in the 871 patent, does Panacek disclose similar scope of disclosure? And it surely does because Panacek uses identifiers to recall parameters. I don't think there's a dispute of whether the instructions at the controller is a command that recalls parameters. So, under the broadest reasonable interpretation, which is what we're under, the controller instructions are a recall command. And then the issue comes back to what was discussed earlier about what entering in the claims mean. And there, there's definitely substantial evidence to support the board's conclusion about Panacek here as well, because the claims do not recite that you have to enter the recall command into the operator input device. There's nothing in the claims that limits them in the way that Caterpillar is arguing. There's, you know, so Panacek's disclosure is enough under the substantial evidence standard. And then I also want to make one point in the record straight about the claim mapping for the recall command. The recall command is at the controller level, and the signal from the operator input device merely enters the controller's recall command. Caterpillar is trying to argue that Virkin has only relied on the signal sent from the operator input device to the controller. But that's not Virkin's argument, and it has never been Virkin's argument. And this is not the board's finding at Appendix 56. The board found that the identifiers are Worksat 1 and Worksat 2, and those identifiers are used in the recall command. That's what the board found at Appendix 56. And so from that finding... So what do we do, Council, with the fact that the claim language, the whole point of the claim language is to significantly narrow what the specification might otherwise cover? Well, it would be improper to narrow to cover an embodiment that is not under the specification. Can we review the board's determination that there is written support since it made that determination as part of its threshold conclusion that they satisfied the rules, the board's own rules? So two points on that, and I understand my time is up, but if you give me just a moment to answer that question. So first, the board would have to revisit that finding under 112, because under their obviousness, it was clear, obviousness finding, it was clear that they determined that Panachak had similar scope. And so if that same scope is sufficient for 112, then it was sufficient under obviousness. But if this court finds that the recall command has to be limited to this narrow reading under the broadest reasonable interpretation even, then the board would have to reconsider that. Because you don't want the board to write an internally inconsistent decision, that is essentially the definition of an arbitrary and capricious standard violation. And so either the claims are either Panachak's disclosure is sufficient under obviousness, or the 871 patent has no written description support. And unless there are any other questions, I appreciate the time today. Okay. Mr. Goldberg, your rebuttal. Yes, Your Honor. I'll just have a couple of quick points. I want to first just direct Your Honor's attention to appendix page 476, just to point out how clear the claims are about where the recall command is coming from. At the top of appendix page 476, we can see that some things are happening, starting at the second line, in response to a first recall command entered by an operator of the paving machine. So I really don't think there can be any dispute that the claimed recall commands are coming from the operator. With respect to Fritkin's counsel's point about there not being disclosure of some DOS or some machine or something like that for entering what's going to be the identifiers, I would point Your Honor to column 5, starting at line 40. There is a description of the user interface 68, and it indicates that the input device may be any type of input apparatus, including keypads, touchscreens, dials, knobs, switches, wheels, etc. So there is definitely a way for the user, the operator to be entering in those unique identifiers. And finally, they keep on asserting that both Caterpillar and Fritkin's expert pointed to the controller's use of the identifiers as support for the limitation. That's not accurate. If you actually look at any of the pages or paragraphs that they have noted, you'll see that they end up pointing to the same type of support that we discussed earlier in column 8, where it makes it clear that it is the operator, not just the controller, that is using the identifiers. Unless there's any questions, I will stop there. This is Judge Serrano. Can I just ask, because this was, I guess, may well be my fault, but certainly a new thought to me when I heard it from Fritkin's counsel, that there is such a thing under this specification as a command internal to, a recall command internal to the controller, where one part of the controller gives a command to another part of the controller. Is that, can you address that, including whether that is how things were understood in the lead up to this argument? I am not aware. Including in the board? Yeah, I am not aware, Your Honor, of any description in the 871 patent that would create that third command that Fritkin was talking about. If you look at the, in our blue brief, we actually have a section that describes how it is that we know the board was pointing to the operator input 52 signals and commands as the recall command, and that will trace through all the way from the final written decision back to Fritkin's petition, where they were abundantly clear that what they were pointing to for the recall command was the operator input 52 signals and commands. Okay, one final question for me. If we were to be remanding this, would the remand appropriately or not appropriately include the opportunity for the board to reconsider its written description conclusion as part of its amendment decision? I do not think that there would be a need for the board to do that. The board, as we discussed earlier, did in its final written decision find that there was written description support, despite Fritkin raising this issue at the last minute in the oral hearing, and I am not aware of any reason that they would have to revisit that or a legal authority that would support them revisiting that at this point. Okay, thank you. I think my time is up, so thank you, Your Honors. All right, thank you, counsel. I thank both counsel. The case will be submitted.